Charles ANDERS, et al., Appellants,

v.

DAKOTA LAND AND DEVELOPMENT COMPANY, INC., et al., Defendants,

Louise and Matt Bauman, et al., Rosalee B. Engle, et al., Midwest Brokers, Inc., Mr. and Mrs. Archie Ball, et al., Clarence Ruesch, Clair G. "Tommy" Thompson, Harold P. Dwight, et al., Respondents.

No. 49767.

Supreme Court of Minnesota.

Feb. 1, 1980.

Frank T. Mabley, St. Paul, for Anders, et al.

Paul H. Hauge, Eagan, for Ray Brant.

Weyhrich & Maki, Minneapolis, for Dakota Land and Development Co., Inc., et al. and Ball, et al.

Nelson, Njus & Nettles, Jerold O. Nelson and Alan R. Nettles, Minneapolis, for Bauman, et al.

Stevens, McLagen, Blackmar & Rehm and Douglas M. Stevens, Burnsville, for Engle, et al.

Carl Larson, Minneapolis, for Midwest Brokers, Inc.

Mork, H. Darling & Hagemann and Andrew E. Hagemann, Jr., Worthington, for Ruesch.

Ince Tischleder & Associates, Minneapolis, for Thompson.

Frundt, Frundt & Johnson, Blue Earth, for Dwight, et al.

Heard, considered, and decided by the court en banc.

ROGOSHESKE, Justice.

Plaintiffs, contract for deed vendees of parcels of real estate in a development tract, appeal from a summary judgment dismissing their claims for rescission against defendant assignees of defendant vendor, Dakota Land and Development Company, Inc. (Dakota Land), and for damages against defendant real estate agents who acted on behalf of defendant vendor. Plaintiffs additionally challenge the judgment requiring them to specifically perform the obligations of their respective contracts for deed. We conclude as a matter of real property law that by plaintiffs' settlement with the original alleged fraudulent vendor, Dakota Land, plaintiffs affirmed their contracts for deed by electing to recover damages rather than to rescind. Since rescission is consequentially unavailable, the trial court's order for specific performance must be affirmed. We also conclude that the trial court erred in dismissing plaintiffs' claims against the real estate agents and remand for further proceedings on those claims. With respect to the claims of plaintiffs Arland and Dunbar against defendant Engle, we remand for a finding as to the effectiveness of the alleged settlement between them.

Dakota Land owned an unimproved and unplatted 80-acre tract of real estate near Inver Grove Heights in Dakota County, which it undertook to sell as suitable for residential development. Beginning in 1973, Dakota Land, aided by defendant real estate companies and their agents, began selling ¼-acre parcels on contracts for deed. Plaintiffs are contract vendees. Subsequently, Dakota Land sold and assigned its vendor's interests in the contracts to various assignees, who are joined as defendants in this action.

In December 1976, plaintiffs commenced this action against Dakota Land, the assignees, the real estate companies, and their agents, alleging statutory and common-law fraud. Defendant assignees counterclaimed for specific performance. Plaintiffs "answered," realleging as a defense to the counterclaim their original claims of statutory and common-law fraud against Dakota Land and its sales agents. No such claims were alleged against defendant assignees.

Prior to a hearing on the parties' various motions for summary judgment, plaintiff vendees of the parcels of land entered into a written "RELEASE AND INDEMNIFYING AGREEMENT REGARDING DEFENDANTS DAKOTA LAND AND DEVELOPMENT COMPANY, INC., ROBERT T. LADDUSAW [its president] AND

YVONNE LADDUSAW."[1] Pursuant to the settlement, defendants Dakota Land and the Laddusaws paid each of the settling plaintiffs $113.64 for each parcel of land purchased and, in addition, transferred to the plaintiffs title to the property adjoining their parcels that constituted the roads contemplated in the proposed development.[2] Following plaintiffs' settlement and release and after hearing various motions for summary judgment and to dismiss for failure to state a claim on which relief against the defendant assignees could be granted, the trial court dismissed the settling plaintiffs' suits against defendant assignees and defendant real estate agents. The trial court also ordered specific performance of plaintiffs' obligations under the contracts for deed by payment of the balance due after tender of warranty deeds conveying good title.

The record and oral argument revealed that Dakota Land sold by contracts for deed some 85 parcels of land, apparently described by metes and bounds, out of the 80-acre tract. Purchase prices ranged from $3,000 to $4,500. Downpayments and monthly installments varied, with the remaining balance of the purchase price due on April 1, 1977. Defendant assignees of Dakota Land purchased their interests at discounts ranging from 1 to 27 percent, the largest number of those interests, however, being purchased at discounts which were less than normal for this type of investment. Apart from standard provisions, the contracts for deed contain few, if any, provisions obligating Dakota Land to develop the tract for residential purposes and reflect counsel's disclosure that both plaintiff vendees and defendant assignees of Dakota Land purchased their interests for investment and resale when development reached the point that construction of homes was feasible. Since it was also asserted that the parties generally regard the value of the parcels to be not more than $500, both defendant assignees and plaintiffs view continued ownership of the parcels as undesirable.

One who has been induced to enter a contract by fraudulent misrepresentations may elect to rescind the contract or sue for damages. If he pursues his damage claim and obtains judgment or compromises and settles that claim, he thereby ratifies and adopts the contract and thereafter cannot seek to rescind the contract for the same fraud. Damages and restitution are not concurrent remedies for the same injury. *Proulx v. Hirsch Bros., Inc.*, 279 Minn. 157, 155 N.W.2d 907 (1968); *Wagner v. Magee*, 130 Minn. 162, 153 N.W. 313 (1915); 5A Corbin, Contracts § 1223 (1964). Plaintiffs could avoid specific performance of their contracts only if the contracts for deed were rescinded. By their settlement and acceptance of damages for the alleged fraud of the vendor, they have, as a matter of well-established law, elected their remedy and can no longer pursue their equitable action to rescind their contracts. Plaintiffs are therefore liable to defendant assignees, against whom no claims of fraud distinct from the original vendor's are alleged, for the balance due as specified in their contracts. Accordingly, the trial judge's order must be affirmed.

The trial judge dismissed plaintiffs' claims against the real estate agencies and agents on the ground that settlement of identically pleaded claims against Dakota Land, their principal, released them from liability. Since one of the claims was fraud, which may involve independent liability on the part of an agent if the agent knew or should have known of the misrepresentations of the principal, the settlement may not have released the real estate agents as a matter of law. Restatement (Second) of Agency § 348 (1957); *see Sawyer v. Tildahl*, 275 Minn. 457, 148 N.W.2d 131 (1967). Moreover, the various statutory causes of action alleged may also involve elements producing independent liability. We are

1. It was suggested at oral argument that the primary motivation for the settlement was the anticipated insolvency of Dakota Land.

2. Some of the vendees did not join in the settlement, and their suits against defendants are continuing and not involved in this appeal.

unable to determine from the record whether the trial judge considered the separate elements of each claim and the possibility of independent liability on each. We therefore reverse the dismissal of these claims and remand for further proceedings.

 Plaintiffs Arland and Dunbar present a slightly different set of facts. According to their argument, they made an independent settlement with assignee Engle which absolved them of all liability for their contracts. Although the fact of the alleged settlement was presented to the trial judge through affidavits, he nevertheless ruled that Arland and Dunbar must perform their contracts. Since the trial court's ruling as to the effectiveness of the settlements is unclear from the record, we remand for redetermination of this issue.

Affirmed in part, reversed and remanded in part, and remanded in part.